UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Level 12 Productions, LLC, | ) | |
| Plaintiff, | ) | Case No: |
| v. | ) | |
| Star News Digital Media, Inc., | ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Star News Digital Media, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Brendan Gutenschwager ("*Gutenschwager*") created a video of protests near the Consulate General of Israel in New York City (the "*Video*") in which Plaintiff owns the copyright by written assignment.

3. Defendant is a media company which owns and operates websites (hereinafter referred to collectively as the "*Websites*") at domains: www.tennesseestar.com; www.theohiostar.com; www.theminnesotasun.com; www.themichiganstar.com; www.georgiastarnews.com; www.floridacapitalstar.com; www.arizonasuntimes.com; www.wisconsindailystar.com; www.pennsylvaniadailystar.com; www.theconnecticutstar.com; www.thevirginiastar.com; and www.thestarnewsnetwork.com ("*Websites 1-12*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed a still frame taken from the Video on the Websites and engaged in this misconduct

SLG SANDERS · LAW GROUP ·

knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is a New York limited liability company and maintains its principal place of business in Wayne County, Michigan.

6. Defendant is a Tennessee corporation with a principal place of business at 95 White Bridge Pike, Suite 207, Nashville in Davidson County, Tennessee and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Tennessee.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff is the production company of Brendan Gutenschwager, an independent video journalist who for many years has documented protests, political rallies, civil unrest, and breaking news events across the United States, frequently from the front lines of the events he covers.

12. Gutenschwager's footage has been licensed to and broadcast by major national news networks and widely republished by digital media outlets, and he has built a large public following on the social media accounts through which he first publishes much of his work, including his account on X, @BGOnTheScene.

13. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

15. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. On October 8, 2023, Gutenschwager first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

17. In creating the Video, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

18. On December 2, 2023, the Video was registered by the USCO under Registration No. PA 2-448-947.

19. The Video was registered within three months after its first publication. Accordingly, Plaintiff is entitled to an award of statutory damages and attorney's fees under 17 U.S.C. § 412(2) notwithstanding that the Infringements commenced before the effective date of registration.

20. Gutenschwager created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

21. Pursuant to a written agreement dated January 1, 2023, Gutenschwager assigned to Plaintiff all right, title, and interest in and to the video works he creates, including the Video, together with the right to sue for and recover damages for past infringements.

## B. Defendant's Infringing Activity

22. Defendant is the registered owner of the Websites and is responsible for their content.

23. Defendant is the operator of the Websites and is responsible for their content.



SLG SANDERS · LAW GROUP ·

24. The Websites are key components of Defendant's popular and lucrative commercial enterprise.

25. The Websites are monetized in that they contain paid display advertisements, sponsored posts, and affiliate links, and promote Defendant's affiliated talk radio programming, and, upon information and belief, Defendant profits from these activities.

26. Defendant publishes a network of state-branded news and commentary websites, including The Tennessee Star, The Ohio Star, The Minnesota Sun, The Michigan Star, The Georgia Star News, The Florida Capital Star, The Arizona Sun Times, The Wisconsin Daily Star, The Pennsylvania Daily Star, The Connecticut Star, The Virginia Star, and The Star News Network, and syndicates the same stories across those websites.

27. Defendant's revenue depends on readership. Every visitor drawn to a story generates advertising impressions and exposure to Defendant's sponsors, and Defendant solicits advertisers on the basis of the audience its websites attract.

28. Defendant uses striking news photographs and video stills as the lead images of its stories because those images draw readers to click on, share, and read the stories. By republishing the same story, with the same lead image, across twelve websites, Defendant multiplied the audience, and the advertising inventory, generated by Plaintiff's work without paying for it.

29. Defendant is a commercial news organization that knows news imagery is licensed content with commercial value, and knows how to obtain a license when it chooses to.

30. On or about November 7, 2023, Defendant displayed a still frame taken from the Video on the Websites as the lead image of on-line stories at URLs:

- https://tennesseestar.com/commentary/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/admin/2023/11/07/;
- https://theohiostar.com/commentary/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/ohstarstaff/2023/11/07/;
- https://theminnesotasun.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/admin/2023/11/07/;

- https://themichiganstar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/mistarstaff/2023/11/07/;
- https://georgiastarnews.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/GAStarNewsStaff/2023/11/07/;
- https://floridacapitalstar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/gastarnewsstaff/2023/11/07/;
- https://arizonasuntimes.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/azstarnewsstaff/2023/11/07/;
- https://wisconsindailystar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/gastarnewsstaff/2023/11/07/;
- https://pennsylvaniadailystar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/gastarnewsstaff/2023/11/07/;
- https://theconnecticutstar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/CTStarStaff/2023/11/07/;
- https://thevirginiastar.com/politics/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/VAStarStaff/2023/11/07/; and
- https://thestarnewsnetwork.com/2023/11/07/victor-davis-hanson-commentary-the-jumbled-mindset-of-american-antisemites/ ("*Infringements 1-12*").

31. Copies of screengrabs of the Websites including screengrabs of the Video are attached hereto collectively as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Video on the Websites.

33. Plaintiff first observed and actually discovered the Infringements on November 15, 2023.

34. On July 31, 2025 and September 1, 2025, Plaintiff, through counsel, wrote to Defendant concerning its use of the Video. On September 8, 2025, Defendant responded by identifying the source of the content as a post published by @BGOnTheScene, Gutenschwager's

own account on X, thereby confirming that Defendant took the image from the author's own publication.

35. The Infringements remain publicly displayed. As of November 2, 2026, Infringement 1 remained displayed at its original URL, and the original URLs of Infringements 2 through 11 automatically redirected to Infringement 12, which remained displayed. On November 2, 2026, Plaintiff preserved each of the Infringements on the Internet Archive's Wayback Machine. The Wayback Machine URLs and screengrabs of the archived pages are attached hereto as Exhibit 3.

36. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

37. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

38. The Infringements are copies of a still frame taken from Plaintiff's original Video that were directly copied and displayed by Defendant on the Websites.

39. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Video.

40. Upon information and belief, the Video was willfully and volitionally posted to the Websites by Defendant.

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the

Infringements on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant monitors the content on its Websites.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its business revenues.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Websites.

48. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

49. Defendant's use of the Video harmed the actual market for the Video.

50. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

51. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

52. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53. The Video is an original, creative work in which Plaintiff owns a valid copyright.

54. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55. Plaintiff has not granted Defendant a license or the right to use the Video in any

manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

58. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Websites.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights

to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 11, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129473

*Attorneys for Plaintiff*